## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

Faustino Xavier Betancourt-Colon,

      Plaintiff,

      V.

Supermercados Máximo, Inc.

      Defendant.

**Civil No. 3:22-01274 (GMM)**

## OPINION AND ORDER

Before the Court is Faustino Xavier Betancourt-Colón's (hereinafter, "Plaintiff" or "Betancourt")[1] *Plaintiff's Brief Regarding Attorney's Fees*. (Docket No. 86). For the following reasons, the Court **GRANTS IN PART** Plaintiff's motion.

### I.    BACKGROUND

On May 23, 2024, the Court entered an *Opinion and Order*, granting in part and denying in part both Betancourt's *Motion for Partial Summary Judgment* (Docket No. 45) and Defendant Supermercados Máximo, Inc.'s (hereinafter, "Defendant" or "SuperMax") *Motion for Summary Judgment and Memorandum of Law in Support* (Docket No. 42). *See* (Docket No. 74). Therein, the Court granted Betancourt summary judgment on the issue of whether the

---

[1] The Court notes that Mr. Betancourt passed away on July 10, 2024. *See* (Docket No. 89). As such, the motion for attorney's fees is being brought by Plaintiff's counsel José Carlos Vélez Colón.

customer service counter at Supermax's store in Plaza Guaynabo ("Supermax Store") complied with the applicable Americans with Disabilities Act ("ADA") Accessibility Guidelines' ("ADAAG") and accordingly ordered Supermax to "bring the customer service counter into compliance with the 2010 ADAAG" by July 22, 2024. (Id. at 23-24). Simultaneously, the Court granted Supermax summary judgment as to the ADA compliance of the Supermax Store's: (1) meat market counter; (2) Açaí Shop integrated countertop; (3) Café Max integrated countertop; (4) plant section integrated countertop; and (5) checkout aisle countertops. (Id. at 25-31). The Court also denied without prejudice Betancourt's request for attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205 and Section 505 of the Rehabilitation Act and requested that the Parties brief the matter. (Id. at 33).

On July 10, 2024, while the Court awaited Parties' briefing of the issue of attorney's fees, Betancourt passed away. *See* (Docket No. 89). Nevertheless, on August 2, 2024, Plaintiff's Counsel José Carlos Vélez Colón ("Plaintiff's Counsel" or "Vélez") filed *Plaintiff's Brief Regarding Attorney's Fees* asking the Court to award him $28,000 in fees and $170 in costs. (Id. at 1-3). (Docket No. 86).[2] On August 16, 2024, Defendant responded with its

---

[2] Betancourt's death does not render the motion for attorney's fees moot. *See* Diffenderfer v. Gomez-Colon, 587 F.3d 445, 453 (1st Cir. 2009) ("When plaintiffs clearly succeeded in obtaining the relief sought before the district court and

*Opposition to Motion for Attorney's Fees, Costs and Expenses*
("Opposition") arguing that the requested attorney's fees and
costs were "grossly disproportionate" given the commonplace
characteristics of this dispute and Vélez's filing of hundreds of
ADA complaints including six against Supermax. (Docket No. 90 at
2). On August 29, 2024, Plaintiff's Counsel filed *Plaintiff's Reply
to Opposition to motion for Attorney's Fees, Costs and Expense*s
("Reply"). (Docket No. 94).

## II.   LEGAL STANDARD AND ANALYSIS

A.    <u>Prevailing Party</u>

Plaintiff's Counsel requests attorney's fees, costs, and
litigation expenses, under to 42 U.S.C. § 12205 and Section 505 of
the Rehabilitation Act. Supermax, in its Opposition, does not
directly dispute that Plaintiff qualifies as a prevailing party,
nevertheless, the Court reviews this point.

Pursuant to 42 U.S.C. § 12205, a court "in its discretion,
may allow the prevailing party. . .<u>a reasonable attorney's fee</u>,
including litigation expenses, and costs." 42 U.S.C. § 12205
(emphasis added); *see also* <u>Martinez v. Nat'l Univ. Coll.</u>, No. CV
18-1975 (DRD), 2020 WL 1933646, at *7 (D.P.R. Apr. 21,

---

an intervening event rendered the case moot on appeal, plaintiffs are still
'prevailing parties' for the purposes of attorney's fees for the district court
litigation.").

2020)(stating that a court "has discretion to allow for reasonable attorney's fees to the prevailing party in an action under Title III.").

"To qualify as a prevailing party, a litigant must show that a material alteration of the parties' legal relationship has taken place as a result of the litigation." Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 8 (1st Cir. 2011) (quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792-93 (1989)); see also CRST Van Expedited, Inc. v. E.E.O.C., 578 U.S. 419, 422 (2016) ("[the] touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.") (internal citations and quotations omitted); Suarez-Torres v. Panaderia Y Reposteria Espana, Inc., 988 F.3d 542, 554 (1st Cir. 2021) ("[T]he Supreme Court ha[s] not awarded attorney's fees where the plaintiff. . .acquired a judicial pronouncement. . . unaccompanied by judicial relief.") (emphasis added).

If a material alteration in parties' legal relationship is substantiated, a moving party seeking attorney's fees must then demonstrate that the relationship change possesses the requisite judicial imprimatur. See 42 U.S.C.A. § 12205; Tex. State Teachers Ass'n., 489 U.S. at 792-93; Suárez-Torres, 988 F.3d at 551; Buckhannon, 532 U.S. 598, 604-605 (2001). A plaintiff might satisfy the judicial imprimatur requirement by obtaining a judgement on

the merits or a court-ordered decree. *See* <u>Hutchinson</u>, 636 F.3d at

9 (*citing* <u>Buckhannon Bd. And Care Home, Inc.</u>, 532 U.S. at 605);

*see also* <u>Race v. Toledo-Davila</u>, 291 F.3d 857 (1st Cir. 2002).

Moreover, an individual may be entitled to attorney's fees

if he or she obtains relief "on the merits of at least <u>some</u> of his

[or her] claims." <u>Race</u>, 291 F.3d 857 (*quoting* <u>Hanrahan v. Hampton</u>,

446 U.S. 754, 758 (1980) (*per curiam*)); *see also* <u>Buckhannon</u>, 532

U.S. at 605. In <u>Hutchinson</u>, the First Circuit instructed courts to

consider the following factors when determining whether the

requisite judicial imprimatur exists: (1) whether a court ordered

the change in the parties' legal relationship; (2) whether a court

approved the granted relief based on the merits of the case; and

(3) whether a court maintains judicial oversight regarding the

enforcement of obligations imposed upon the parties. *See*

<u>Hutchinson</u>, 636 F.3d at 9.

As a preliminary matter, the Court finds that Plaintiff

qualifies as a prevailing party under 42 U.S.C. § 12205 given that

he obtained relief on one of his claims, to wit a Court order

demanding that the Supermax Store's customer service counter be

brought into ADA compliance. This relief constitutes a material

change in the Parties' relationship given that Plaintiff succeeded

on a "significant issue in litigation which achieve[d] some of the

benefit the [plaintiff] sought in bringing the suit." <u>Betancourt-</u>

_Colon v. Acoba Realty Dev., Inc.,_ No. CV 20-1424 (CVR), 2024 WL
3063391, at *2 (D.P.R. June 18, 2024) (internal citations and
quotations omitted); _see also_ _Tex. State Tchrs. Ass'n_, 489 U.S. at
789; _Race_, 291 F.3d at 859 (noting that an individual may be
entitled to attorney's fees if he or she obtains relief on the
merits on some of his or her claims). Moreover, Plaintiff's claim
as to the customer service counter possesses requisite judicial
imprimatur given that the relief sought: (1) was granted by Court
order; (2) was made in a response to the Court's analysis of the
Parties' arguments on the merits; and (3) remained within the
Court's jurisdiction. Thus, Plaintiff's Counsel sufficiently
demonstrated that Plaintiff was the prevailing party on his claim
regarding one of the six counters that he alleged violated the
ADA. _See_ (Docket No. 74 at 34-35).

B.   Reasonable Attorney's Fees for Vélez's work in this case

     Once an individual is found to qualify as a prevailing party
under 42 U.S.C. § 12205, a Court considers the reasonableness of
the requested attorney's fees. To determine reasonable attorney's
fees, a court first computes the lodestar figure for an attorney's
work by "calculate[ing] the time counsel spent on the case,
subtract[ing] duplicative, unproductive, or excessive hours, and.
. .apply[ing] prevailing rates in the community (taking into
account the qualifications, experience, and specialized competence

of the attorneys involved).” <u>Gonzalez-Nieves v. Municipality of</u>
<u>Aguadilla</u>, Civil No. 3:13 -01132 (JAF), 2016 WL 297432, at *2
(D.P.R. Jan. 22, 2016) (*citing* <u>Hutchinson</u>, 636 F.3d at 13); *see*
*also* <u>Cameron v. GMD Airline Servs., Inc.</u>, Civil No. 07-1669 (DRD),
2010 WL 11545534, at *3 (D.P.R. June 22, 2010). In doing this
exercise, a court may adjust the applied hourly rate by considering
“the type of work performed, who performed it, the expertise that
it required, and when it was undertaken.” <u>Libertad v. Sanchez</u>, 134
F.Supp.2d 218, 231 (D.P.R. 2001) (*quoting* <u>Grendel's Den, Inc. v.</u>
<u>Larkin</u>, 749 F.2d 945, 950-51 (1st Cir. 1984)).

After calculating the lodestar value, which is “presumptively
reasonable. . .the court may adjust it up or down for other
factors, say, a significant gap between the relief requested and
the result obtained.” <u>Spooner v. EEN, Inc.</u>, 644 F.3d 62, 68 (1st
Cir. 2011) (internal citations omitted); *see also* <u>De Jesús Nazario</u>
<u>v. Morris Rodríguez</u>, 554 F.3d 196, 207 (1st Cir.2009). A Court may
also factor in the circumstances of the case and adjust the
lodestar value so that it reflects “the time and labor actually
required for the efficacious handling of the matter.” <u>Torres-</u>
<u>Rivera v. O’Neill-Cancel</u>, 524 F.3d 331, 336 (1st Cir.
2008) (*citing* <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 430 (1983)).
Ultimately, reasonableness “is largely a matter of informed
judgment” and a court should consider issues of equity in

determining "the most fair and sensible solution for apportioning
the fee award." Torres-Rivera, 524 F.3d at 336-337 (*quoting*
Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 960 (1st Cir. 1984))
(internal quotation omitted).

In the instant case, Vélez contends that an hourly rate of
$350, which reflects his typical hourly rate of $300 plus an upward
adjustment of $50 per hour, is reasonable as it reflects his
expertise in ADA litigation and this case's complexity. *See* (Docket
Nos. 86 at 4-8; 94 at 2-3). Furthermore, Plaintiff's Counsel "seeks
compensation for 80 hours, which have already been reduced based
on careful billing judgment to remove any inefficient,
duplicative, or excessive time." (Id. at 9). Thus, Vélez's own
estimated loadstar value of his work in this case amounts to
$28,000. In his Reply, Plaintiff's Counsel made concessions on his
hours billed and agreed to reduce his requested fee by an
additional $542.50, resulting in a final fee request of $27,457.50.
(Docket No. 94 at 6-8). The Court disagrees with this calculation
and thus recalculates the lodestar value for work performed by
Plaintiff's Counsel in this case.

This Court previously found that "experienced attorneys in
Puerto Rico earn $250.00 to $300.00 per hour, associates earn
$150.00 to $200.00 per hour, and paralegals earn $50.00 to $100.00
per hour." Betancourt-Colon v. Acoba Realty Dev., Inc., Civil No.

20-1424 (CVR), 2024 WL 3063391, at *3-4 (D.P.R. June 18, 2024)(*citing* Hermandad Independiente de Empleados Telefónicos v. P.R. Tel. Co., Civil No. 18-1220 (BJM), 2019 WL 13200065, at *2 (D.P.R. Aug. 12, 2019) (collecting cases) and Bd. of Trustees v. ILA Loc. 1740, AFL-CIO, Civil No. 18-1598 (SCC), 2022 WL 4591843, at *3 (D.P.R. Sept. 30, 2022)). As such, Vélez's requested hourly rate of $350 clearly exceeds the prevailing market rate.

Furthermore, the Court agrees with Supermax's contention that this case was not particularly challenging or unique. *See* (Docket No. 90 at 5-6). Critically, the Court notes that Vélez has considerable ADA litigation experience[3] and has brought no less than seven (7) ADA cases[4] against other Supermax stores alleging similar claims. Thus, Vélez's requested hourly rate is excessive. In line with this District's determination in an analogous case, the Court finds that an hourly rate of $200 is more appropriate. *See* Betancourt-Colon, 2024 WL 3063391, at *3-4.

Having determined the appropriate hourly rate to be used in calculating this case's lodestar value, the Court next considers

---

[3] Plaintiff's Counsel himself states that he has handled "over 400 disability access cases." (Docket No. 94 at 2).

[4] Betancourt-Colon v. Acoba Realty Development Inc. et al., Civil No. 20-1424 (CVR); Betancourt-Colon v. Plaza Caparra, LLC et al., Civil No. 21-1342 (ADA); Betancourt-Colon v. B.V. Properties Inc., Civil No. 21-1293 (PAD; Betancourt-Colon v. Seritage KMT Finance, LLC et al., Civil No. 22-1360 (WGY); Betancourt-Colon v. Supermercados Maximo, Inc., Civil No. 22-1548 (BJM); Betancourt-Colon v. Supermercados Maximo, Inc., Civil No. 23-1378 (CVR); Betancourt-Colon v. Supermercados Maximo, Inc. et al, Civil No. 24-1075 (GMM).

Civil No. 3:22-01274 (GMM)
Page -10-

the timesheets submitted by Plaintiff's Counsel that document the hours that he worked in these proceedings. The Court disregarded some hours of work for tasks it found to be unnecessary, duplicative, and/or excessive. These were:

- The Court excluded 2.7 billed hours that related to motions practice regarding the two withdrawn partial motions for summary judgment (Docket Nos. 34, 38) which the Court deemed to be excessive and/or duplicative. (Docket No. 86-1 at 22-26).
- The Court also eliminated the 0.9 hours Vélez billed on December 23, 2022 regarding a collateral conflict between Parties regarding Plaintiff visiting the Supermax store during the course of proceedings. (Docket No. 86-1 at 13-14).
- The Court, in accord with Vélez's Reply (*see* Docket No. 94 at 7), reduced Plaintiff's Counsel's billing entries for service of process by half and thus eliminates another 0.4 hours. (Docket No. 86-1 at 3).
- The Court, in accord with Vélez's Reply (*see* Docket No. 94 at 7), reduced Plaintiff's Counsel's billing entries by half for sending plaintiff a copy of the filed Complaint (*see* Docket No. 86-1 at 3); for sending plaintiff a PandaDoc link for the electronic signature of the responses to the First Set of Interrogatories (*see* Docket No. 86-1 at 12); and drafting a motion requesting issuance of summons (*see* Docket No. 86-1 at 2). This eliminated another 0.15 hours.
- The Court, in response to concessions made in Plaintiff's Counsel's reply, also eliminates 0.65 hours that Vélez billed for filing motions.[5]

---

[5] The Court notes that Vélez conceded to some reduction in fees billed associated with filing activities, reducing the $595 dollars billed for filing activities to $290. The Court finds that Plaintiff's Counsel was based on a calculation of 1.7 hours billed for filing at an hourly rate of $350. However, reviewing the timesheets submitted by Vélez, the Court finds that he actually billed 1.8 hours for filing activities on May 19, 2022, June 6, 2022, October 7, 2022, January 24, 2023, April 24, 2023, April 28, 2023, July 27, 2023, September 25, 2023, two filings on September 26, 2023, December 15, 2023, December 20, 2023, December 27, 2023, two filings on December 29, 2023, January 11, 2024, January

Thus, the Court finds that Plaintiff's Counsel reasonably billed a total of 75.2 hours. Multiplying reasonable hours worked with the reasonable hourly rate of $200 yields a lodestar value of $15,040.00.

The Court now considers whether the calculated lodestar value truly reflects the reasonable value of work performed by Plaintiff's Counsel in this case. Critically here, while Plaintiff partially prevailed to the extent that the Court ordered Defendant to bring its customer service counter into ADA compliance, Plaintiff's success only pertained to <u>one</u> of his claims and was <u>not</u> a result of Vélez's own legal arguments, but due to the Court's own legal analysis.[6] Thus, weighing "the significant gap between the relief requested and the result obtained," <u>Spooner</u>, 644 F.3d at 68, and the efficacy of Vélez's own work, the Court concludes that awarding the lodestar value of $15,040.00 would be unreasonable and contrary to principles of equity. In light of the circumstances of this case, the Court finds that an attorney's

_____

12, 2024, and July 29, 2024. The Court already eliminated 0.5 hours billed for filing related to the two withdrawn motions for summary judgement. Thus, 1.3 hours billed for filing remain. Considering Vélez's reply, the Court halves these hours and thus eliminates an additional 0.65 hours.

[6] *See* (Docket No. 74 at 23) (In its *Opinion and Order*, the Court noted that "both Betancourt and SuperMax erred in applying section 7.2(2) [of the ADAAG] to the customer service counter" since the counter possessed a cash register which is evaluated differently than a counter that does not possess a cash register. The Court, applying the correct section of the ADAAG, that is section 7.2(1), found that the customer service counter nevertheless did not comply with ADA standards and thus granted Plaintiff summary judgment on this alleged structural barrier.

fees award of $7,520.00 is appropriate to compensate Plaintiff's Counsel for bringing an action that compelled Defendant to bring its store into ADA compliance, even if that result was not directly achieved by Vélez's own legal arguments.

## III. CONCLUSION

For the reasons set forth, the Court **GRANTS IN PART** *Plaintiff's Brief Regarding Attorney's Fees* (Docket No. 86). The Court awards Plaintiff's request for attorney's fees in the amount of $7,520.00 with the additional requested reimbursement of $170.00 for costs and expenses.[7]

IT IS SO ORDERED.

In San Juan, Puerto Rico, this August 29, 2024.


s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE

---

[7] The Court awards Plaintiff's Counsel's requested costs pursuant to Federal Rule of Civil Procedure Rule 54 ("Rule 54"). Rule 54 provides that "costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise. . .[t]hus, Rule 54(d) generally creates a presumption in favor of awarding costs to the prevailing party." Conde Vidal v. Lakeshore Condo. Owners Ass'n, Civil No. 18-1042 (DRD), 2019 WL 13261059, at *1 (D.P.R. Nov. 1, 2019) (*citing* Fed. R. Civ. P. 54(d)(1) and Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981)).